# +UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

Civil Action<br>Docket No.:

| | |
|---|---|
| SE SHIPPING LINES PTE LTD. | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| M/V H.R. MARGARETHA | ) |
|     *In Rem* | ) |
| | ) |
|     Defendant | ) |

## VERIFIED COMPLAINT

NOW COMES Plaintiff SE Shipping Lines Pte. Ltd. ("SE Shipping"), by and through its counsel Thompson & Bowie, LLP, and as and for its Verified Complaint *in rem* against the *M/V H.R. Margaretha* (IMO #9187033), her engines, machinery, cargo, gear, tackle, apparel, furniture, equipment, etc. (the "Vessel"), to foreclose and enforce a maritime lien, states as follows:

### JURISDICTION AND PARTIES

1.    This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, the Commercial Instruments And Maritime Liens Act, 46 USC §§ 31431-31433, and Rule 9(h) F.R.Civ.P. and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff is a corporation duly organized and existing pursuant to the laws of Singapore, with a place of business at 1 Maritime Square, #11-23/23A, HarbourFront Centre, Singapore 099253.

3. The Defendant *In Rem, M/V H.R. Margaretha* (IMO #9187033), is a Liberian Flag steel hulled vessel of 142 meters and 11,894 GT constructed in 1999, and is now, and during the pendency of this action will be in Eastport, Maine, within the District of Maine and the jurisdiction of this Court.

4. This Court has jurisdiction over the *M/V H.R. Margaretha* (IMO #9187033) in that she is, and will be throughout the course of these proceedings, within the State of Maine and this District.

## **FACTS**:

5. In or after March, 2011, Plaintiff SE Shipping entered into a charter party ("Charter Party") with the head owner and/or bareboat charterer of *M/V H.R. Margaretha* and/or their agent. During the course of the Charter Party MS "HAMMONIA MARGARETHA" Schiffahrts GmbH & Co. KG, Hamburg (incorporated on 29th February 2012), took over ownership of the *M/V H.R. Margaretha* ("Owners") and Hammonia Shipmanagement Corporation, became the bareboat charterer of the Vessel ("Bareboat Charterer").

6. Pursuant to the terms of the Charter Party, bunkers, or fuel oil on board the Vessel belonged to Charterers, SE Shipping. At the time the Vessel was redelivered to Owners and/or the Bareboat Charterer such could not be taken without the agreement of Charterers and payment to them.

7. At the time the Vessel was redelivered by SE Shipping to Owners and/or the Bareboat Charterer, she had on board bunkers valued at Seven Hundred Thirty Thousand Seven Hundred Sixty Seven Dollars and Seventy Cents ($730,767.70). Notwithstanding demands for payment by SE Shipping to Owners and Bareboat Charterer, neither Owners, nor Bareboat Charterer have paid for the bunkers.

8. Upon information and belief, Owners and/or the Bareboat Charterer have used the bunkers belonging to SE Shipping to operate the Vessel, or have otherwise refused to return such bunkers or pay for them.

9. Plaintiff has unsatisfied admiralty and maritime liens against the *M/V H.R. Margaretha* for debts in the amount of Seven Hundred Thirty Thousand Seven Hundred Sixty Seven Dollars and Seventy Cents ($730,767.70), incurred at the request of those in charge of the Vessel at the time the bunkers were loaded and/or a person entrusted with the management of the Vessel at the port of supply.

10. For the reasons set forth above, *M/V H.R. Margaretha* is liable, *in rem*, to SE Shipping in the amount of Seven Hundred Thirty Thousand Seven Hundred Sixty Seven Dollars and Seventy Cents ($730,767.70), plus interest, other charges and costs and costs *in custodia legis*.

WHEREFORE, SE Shipping respectfully requests that this Court:

A. Issues process of maritime arrest against the Defendant *M/V H.R. Margaretha* pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Commercial Instruments And Maritime Liens Act, 46 USC §§ 31431-31433;

B.	Judgment be entered herein in favor of SE Shipping Lines Pte Limited in the amount of Seven Hundred Thirty Thousand Seven Hundred Sixty Seven Dollars and Seventy Cents ($730,767.70), plus accrued interest, late and other charges, costs of suit, and costs *in custodia legis*;

C.	Condemn and sell all property attached and/or arrested pursuant to the process prayed for herein at an interlocutory sale so as to satisfy the debt of the *M/V H.R. Margaretha* and any judgment of this Court; and

D.	The Court grant such other and further relief in SE Shipping's favor as it deems just and proper.

DATED at Portland, Maine, this 28th day of September, 2012.

/s/   Leonard W. Langer
Leonard W. Langer, Esq.

/s/   Sarah Yantakosol Gayer
Sarah Yantakosol Gayer, Esq.

Counsel for Plaintiff
S.E. Shipping Lines Pte Limited

THOMPSON & BOWIE, LLP
Three Canal Plaza, P.O. Box 4630
Portland, ME  04112-4630
(207) 774-2500
lwlanger@thompsonbowie.com
sgayer@thompsonbowie.com

**VERIFICATION**

I, __Gaurav Bansal_____, being duly sworn in my capacity as the ____Chief Executive Officer_____ of Plaintiff S.E. Shipping Lines Pte Limited, do hereby depose and say:

I am the Chief Executive Officer of Plaintiff S.E. Shipping Lines Pte Limited, duly authorized to sign this Verification. I have read the foregoing Complaint and know the contents thereof, and verify and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 USC. §1746). Executed on the 28th day of September, 2012.

S.E. SHIPPING LINES PTE LIMITED.

By: ___Gaurav Bansal_____
      _CEO, S E Shipping Lines Pte. Ltd.
Its:  28th Sept 2012